UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MICHELLE MATHIS,**

      **Plaintiff,**

    **-v-**

**DOCTOR'S HOSPITAL (WEST),** *et al.,*

      **Defendants.**

**Case No. 2:12-cv-358**
**JUDGE SMITH**
**Magistrate Judge Preston Deavers**

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Objections to the Report and Recommendation and Motion to Change Venue and for Recusal (Doc. 6).  For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **DENIES** Plaintiff's Motion to Change Venue and for Recusal.

### I.  Background

Plaintiff initiated this action on April 23, 2012, against Doctor's Hospital (West), Riverside Methodist Hospital, Ohio Health Corporation, Twin Valley Behavioral Healthcare ("Twin Valley"), and Franklin Township, asserting federal civil rights and state-law tort claims arising out her involuntary commitment and treatment.  On May 15, 2012, the Magistrate Judge issued an Order and Initial Screen Report and Recommendation ("Report and Recommendation") recommending that the Court dismiss Plaintiff's purported federal causes of action for failure to

state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and decline to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims, dismissing these claims without prejudice.

In making her recommendation, the Magistrate Judge concluded that the doctrine of *res judicata* or claim preclusion operates to bar Plaintiff's federal claims against Doctor's Hospital (West) and Riverside Methodist Hospital. The Magistrate Judge concluded that Plaintiff's claims against Ohio Health Corporation are untenable under 42 U.S.C. § 1983 because she fails to allege facts upon which this Court could conclude that this defendant acted under the color of state law and because allegations against this defendant are "clearly irrational or wholly incredible." (Doc. 3, p. 7, quoting *Reynosa v. Schultz*, 282 F. App'x 386, 389 (6th Cir. 2008)). The Magistrate Judge also could not discern a cognizable claim flowing from Plaintiff's allegation against Twin Valley concerning her probate court hearing held at this facility. Lastly, the Magistrate Judge concluded that Plaintiff's federal claims against Franklin Township necessarily fail because she does not allege that a Franklin Township policy caused her alleged injury. Based on her recommendation to dismiss all of Plaintiff's federal claims, the Magistrate Judge further recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law tort claims.

On May 30, 2012, Plaintiff filed her Objections to the Report and Recommendation and Motion to Change Venue and for Recusal. The Court first will address Plaintiff's Motion for Recusal and then will address the merits of her Objections to the Report and Recommendation.

## II. Motion for Recusal

Federal law requires a federal judicial officer to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The bias or prejudice

that mandates recusal, however, must be wrongful or inappropriate, *i.e.*, either relying on knowledge acquired outside the proceedings or displaying deep-seated and unequivocal antagonism that would render fair judgment impossible. *Liteky v. United States*, 510 U.S. 540 (1994). A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons*, 918 F.2d 592 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966). Ultimately, the test for whether recusal is warranted or required under § 455 is what a "reasonable person knowing all the relevant facts would think about the impartiality of the judge." *Roberts v. Bailar*, 625 F.2d 125, 129 (6th Cir. 1980).

In this matter, Plaintiff challenges the impartiality of the undersigned judge and Magistrate Judge Preston Deavers on the basis that adverse decisions or recommendations have been made against her in this case and in a related case. In essence, Plaintiff seeks recusal because she believes that these adverse rulings or recommendations somehow demonstrate impermissible bias or prejudice toward her and her claims. But Plaintiff's dissatisfaction regarding legal rulings or recommendations is not a valid basis to request recusal as it does not show an extrajudicial or personal prejudice or bias. Because Plaintiff does not point to any fact or circumstance that reasonably suggests a reason to question the impartiality of the undersigned judge or the Magistrate Judge, her Motion for Recusal is **DENIED**.

### III. Objections to Report and Recommendation

When objections are received to a report and recommendation on a dispositive matter, the District Judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the District Judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(C).

Plaintiff objects to the Magistrate Judge's finding that *res judicata* operates to bar Plaintiff's federal claims against Doctor's Hospital (West) and Riverside Methodist Hospital. To apply *res judicata*, the Sixth Circuit requires proof of the following four elements: (1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action. *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995).

Plaintiff argues that not all of the elements required under the doctrine of *res judicata* are present here. In particular, Plaintiff argues that there was no final judgment on the merits in the previous case she filed, and that the previous case is only similar to the case at bar. Two months prior to initiating the case at bar, Plaintiff brought a nearly identical action: *Mathis v. Doctor's Hospital West*, Case No. 2:12-cv-156 ("156 Case"). Both of these cases arise from Plaintiff's involuntary commitment and treatment in January and February 2012. Plaintiff suggests that the undersigned judge did not evaluate the merits of the 156 Case and therefore there was no final judgment on the merits. Plaintiff is incorrect as the federal claims in the 156 Case were dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and final judgment was entered on April 16, 2012. Furthermore, Plaintiff does not explain why the currently pending claims against Doctor's

4

Hospital (West) and Riverside Methodist Hospital are distinguishable from those against these defendants in the 156 Case.  Therefore, the Court finds that the Magistrate Judge correctly concluded that the doctrine of *res judicata* operates to bar Plaintiff's federal claims against Doctor's Hospital (West) and Riverside Methodist Hospital.

Plaintiff generally objects to the Magistrate Judge's recommendation to dismiss her federal claims against Ohio Health Corporation and Franklin Township.  Plaintiff argues that she has stated viable claims against these defendants.  Plaintiff does not, however, present any argument repudiating the Magistrate Judge's well-articulated bases for why these claims should be dismissed.  As noted by the Magistrate Judge, Plaintiff's § 1983 claims against Ohio Health Corporation fail because Plaintiff does not allege facts upon which this Court could conclude that this defendant acted under the color of state law.  Furthermore, Plaintiff does not allege that a policy of Franklin Township, which is a local government entity, caused her injury.  Instead, Plaintiff relies on the doctrine of *respondeat superior*.  However, local governments are only liable for "their own illegal acts."  *Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986) (citing *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 692 (1978)).  Thus, they are not vicariously liable for their employees' actions.  *Id.*  For these reasons, Plaintiff's objections as to Ohio Health Corporation and Franklin Township are without merit.

Plaintiff objects to the Magistrate Judge's recommendation to dismiss the claims against Twin Valley, arguing that the Magistrate Judge incorrectly determined that the only allegation she makes concerning Twin Valley is that her probate court hearings were held there.  The Court has carefully reviewed the Complaint and agrees with the Magistrate Judge's conclusion that the only factual allegation Plaintiff makes regarding this defendant concerns the fact that probate court

5

hearings were held at the facility. This allegation is insufficient to state a claim upon which relief can be granted. Furthermore, while Plaintiff makes other references to Twin Valley in the Complaint, these are part of conclusory statements that are unsupported by any plausible facts. Therefore, Plaintiff's objection regarding Twin Valley is unpersuasive.

Plaintiff objects to the Magistrate Judge's application of 28 U.S.C. § 1915(e)(2) in this case. Section 1915(e)(2) provides that any case reviewed under the initial screening procedure must be dismissed if the "court determines that . . . the action or appeal . . . is frivolous or malicious . . . [or] fails to state a claim upon which relief may be granted[.]" Plaintiff argues that the Magistrate Judge improperly recommended that the federal claims be dismissed under § 1915(e)(2) because this statute is only applicable to prisoners. Plaintiff's argument is meritless, however, because the Sixth Circuit has specifically stated that § 1915(e)(2)'s initial screening requirement applies to complaints filed by non-prisoners as well as prisoners. *Baker v. Wayne County Family Independence Agency*, 75 F. App'x 501, 502 (6th Cir. 2003) ("The statute requires courts to dismiss in forma pauperis complaints that fail to state a claim, and applies to complaints filed by non-prisoners as well as prisoners.").

Finally, Plaintiff contends that the Magistrate Judge improperly recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state-law tort claims. In support of this contention, Plaintiff seems to argue that her state-law tort claims are really federal claims under § 1983. Contrary to Plaintiff's suggestion, her state-law tort claims do not arise under federal laws or the Constitution. As such, this Court does not have federal question jurisdiction over these claims. Thus, the issue resolves to whether the Court should exercise supplemental jurisdiction over the remaining state-law tort claims. As the Magistrate Judge

6

noted, while dismissal of the federal claims does not divest this Court of subject-matter jurisdiction over the remaining state law claims, it does require this Court to exercise its discretion to determine whether to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). When all federal claims are dismissed before trial, state claims generally should be dismissed as well. *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009). Because all of Plaintiff's federal claims must be dismissed, the Court declines to exercise supplemental jurisdiction over the remaining state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

## IV. Conclusion

For the reasons expressed herein, the Motion for Recusal is **DENIED**, and Plaintiff's objections (Doc. 6) are **OVERRULED**. Furthermore, because this case must be dismissed, the Motion to Change Venue is **DENIED as moot**. The Report and Recommendation (Doc. 3) is **ADOPTED** and **AFFIRMED**, and this action is hereby **DISMISSED**.

The Clerk shall remove this case from the Court's pending cases list.

**IT IS SO ORDERED.**

 *s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**